BOPELEY, APPELLANT, *v.* ASSOCIATES LIFE INS. CO., APPELLEE.

(No. 7659—Decided December 8, 1964.)

*Mr. Walter J. Wolske, Jr.,* for appellant.

*Messrs. Wright, Harlor, Morris, Arnold & Glander* and *Mr. James E. Pohlman,* for appellee.

BRYANT, J. Thomas Bopeley, plaintiff in the court below, appellant herein, has appealed to this court from a judgment of the court below in favor of Associates Life Insurance Company, defendant in the court below, appellee herein. Bopeley was holder of a hospital expense policy covering himself and his wife. The wife was hospitalized twice during 1963. The first time was from April 5 to 15, 1963, for treatment of thrombophlebitis, and the second time was from May 20 to 26, 1963, when Mrs. Bopeley gave birth to a child.

Bopeley asked judgment for $335.81, being the amount of expense claimed to be covered under the hospital expense policy. The insurance company claimed that a $100 limit in the policy was applicable, and the trial court sustained this contention and rendered judgment for Bopeley for $100, which amount had been tendered and later paid into court.

Mrs. Bopeley was pregnant at the time of both visits to the hospital, and the policy contained the following limitation:

"The maximum payable for any one pregnancy or complications thereof shall be the maximum amount benefit payable under the following paragraphs (1) or (2)."

The effect of the above language was to limit to $100 the amount payable "for any one pregnancy or complications thereof." The insurance company treated both trips to the hospital as being due to the "pregnancy or complications thereof" and contended the $100 limit was applicable, and the trial court agreed.

We find ourselves in disagreement with the conclusions of the court below. We feel that the objections interposed by defendant to parts of exhibits A-1 and B-2 should have been sustained because of the lack of definiteness and certainty as to who made the specific entries leaving it quite impossible to determine whose opinion or diagnosis was entered, and for that matter who entered it.

Furthermore, the single witness called by the insurance company admitted that the thrombophlebitis could be caused by trauma and other causes in addition to the pregnancy of Mrs. Bopeley. He stated that he could not testify with reasonable medical certainty that Mrs. Bopeley's thrombophlebitis was due to pregnancy.

In addition to the foregoing, we have been unable to find any evidence in the record that the pregnancy was in fact complicated at all but, on the contrary, seems to have been free of complications.

The abnormality, illness or ailment which brought Mrs. Bopeley to the hospital was in the lower right leg where there appears to have been swelling and considerable pain due to the inability of the blood passing into the lower extremity to return through the veins to the heart.

The pregnancy is primarily concerned with the growth and development of a child in the womb, far removed from the lower right ankle.

The policy provision relied on here is "pregnancy or complications thereof." As we understand it, "thereof" as used here means "of that" or "of it." See 41A Words and Phrases (Perm. Ed.) 183, and cases cited.

If that be the meaning, we are concerned with pregnancy or complications of the pregnancy. It appears that the pregnancy was free from complication, and as stated, was entirely normal.

The three errors assigned are well taken and must be sustained, the judgment of the court below must be reversed, and the cause remanded for a new trial.

*Judgment reversed.*

DUFFY, P. J., and DUFFEY, P., concur.

(Decided March 2, 1965.)
ON APPLICATION for reconsideration.

*Per Curiam.* Upon careful consideration of the application for reconsideration filed on behalf of Associates Life In-

surance Company, defendant-appellee, and the brief in support thereof, this court is of the opinion that the application is not well taken, must be denied, and it is so ordered.

*Reconsideration denied.*

BRYANT, P. J., DUFFY and DUFFEY, JJ., concur.